GOODMAN *et al. v.* LONG FUNERAL HOME.

(Division B. Feb. 13, 1939. Suggestion of Error Overruled March 13, 1939.)

[186 So. 313. No. 33565.]

**Augustin Magruder,** of Starkville, for appellants.

**Daniel & Bates,** of Starkville, for appellee.

854

Argued orally by **Augustin Magruder,** for appellant.

**McGehee, J.,** delivered opinion of the court.

The appellee was in possession of certain leased premises belonging to the Odd Fellows Lodge at Starkville, fronting on Main Street. The premises are described in the lease as the first or ground floor of the building. The proof disclosed that on account of the elevation of the lot where it fronted on Main Street, the building was accessible only from the rear for use in the operation of a funeral home business therein. While the lease did not expressly by its terms cover the vacant part of the lot in the rear, the right to use the same was necessarily granted by implication as being essential to the enjoyment of the premises particularly described. The proof was sufficient for the submission of the case to the jury on the question as to whether or not the appellants trespassed upon that part of the vacant premises other than a passage-way common to this and other properties by piling brick and other building materials thereon so as to obstruct passage to a warehouse used in connection with the operation of the funeral home and to otherwise interfere with the rights of the appellee as the lessee thereof; and the proof was likewise sufficient to warrant the amount of damages awarded against the appellants on account thereof.

In support of the second count of the declaration, it was shown that the appellants, while removing the debris of their own building which had been burned on an adjoining lot, caused certain holes to be made in the party wall by the removal of the ends of floor-joists, etc., therefrom; and that knowing of this condition the appellants, in the work of restoring the building, negligently allowed a water-pipe to burst alongside of these holes in the party wall while the pipe was elevated above the ground during a severe freeze, and with the result that the water ran into the ground floor of the Odd Fellows Building occupied by appellee and greatly damaged a stock of caskets and other funeral home accessories. The proof

as to the damage under this count of the declaration also sustains the amount awarded by the jury thereon.

Where a water-pipe is left exposed to the elements above the ground during freezing weather, charged with water, so as to negligently damage the property of another, a different rule as to liability applies than where there has been a bursting of underground water-pipes, as in those cases which have arisen between landlord and tenant on account thereof. Negligence may cause the damage in the first instance, whereas, the exercise of reasonable care would not likely prevent it in the other.

Referring again to the damage recovered under the first count of the declaration, numerous authorities are cited by the appellants to sustain a contention that since the appellee's lease did not cover the vacant portion of the lot at the rear of the building, its use thereof was only permissive and constituted at law a mere easement, for the protection of which an action of trespass would not lie, we are of the opinion that a sufficient answer to this contention in the case at bar is that the lessee was in actual and rightful possession and was using the vacant portion of the lot under the rights granted by necessary implication in the lease; and was entitled to protection against the depredations of others in the enjoyment thereof.

We do not think that the other assignments of error are of any merit. The judgment of the court below will therefore be affirmed.

Affirmed.